UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESILY D. HARRIS,

        Plaintiff,                    No. 11-cv-14030

vs.                                        Hon. Gerald E. Rosen

RIVER ROUGE HOUSING
COMMISSION,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on April 18, 2013

PRESENT:   Honorable Gerald E. Rosen
                       United States District Chief Judge

This matter is presently before the Court on Defendant's April 12, 2013 Motion for Partial Reconsideration of the Court's March 29, 2013 Opinion and Order granting, in part, and denying, in part, Defendant's Motion for Summary Judgment. In this Motion, Defendant contends that the Court committed a palpable error in refusing to grant their motion for summary judgment as to Plaintiff's federal whistleblower's claim and asserts that this error can only be corrected by dismissing Count IV of Plaintiff's Complaint.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle

to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A .*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Defendant's April 12, 2013 motion. By this motion, Defendant is merely attempting to obtain a reversal of the Court's decision by presenting issues already ruled upon and re-hashing arguments that it previously raised in litigating this matter. Neither Fed. R. Civ. P. 59(e) nor Local Rule 7.1 are proper vehicles for such arguments.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Partial Reconsideration **[Dkt. # 66]** is DENIED.

Dated: April 18, 2013         s/Gerald E. Rosen
                              Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135